1  Tyler A. Brown (State Bar No. 121350)
   Punam Sarad (State Bar No. 217091)
2  JACKSON LEWIS LLP
   50 California Street, 9th Floor
3  San Francisco, California  94111-4615
   Telephone:  (415) 394-9400
4  Facsimile:  (415) 394-9401
   E-mail:  brownt@jacksonlewis.com
5  E-mail:  saradp@jacksonlewis.com

6  Attorneys for Defendants
   GENEX SERVICES, INC. (erroneously sued
7  as GENEX HOLDINGS, INC., doing business
   as GENEX SERVICES, INC.) and
8  RANI WINDELL



**FILED**
JUL 30 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

9          UNITED STATES DISTRICT COURT

10        NORTHERN DISTRICT OF CALIFORNIA        **DMR**

11

12  SHARON OBAZEE, an individual,        Case No.  **CV 13 3534**

13          Plaintiff,          (Alameda County Superior Court
                                Case No. RG13685714)
14      v.
                                **NOTICE OF REMOVAL OF ACTION TO
15  GENEX HOLDINGS, INC., doing business as      THE UNITED STATES DISTRICT
    GENEX SERVICES, INC., a California          COURT FOR THE NORTHERN
16  corporation; RANI WINDELL, an individual;    DISTRICT OF CALIFORNIA PURSUANT
    and DOES 1-50, inclusive,                    TO 28 U.S.C. §§ 1331, 1367(a) AND
17                                              1441(a)**
            Defendants.
18                                              **(FEDERAL QUESTION JURISDICTION)**

19                                              (Filed concurrently with the Notice of
20                                              Interested Entities and Civil Case Cover Sheet)

21                                              Complaint Filed:  June 28, 2013

22

23          TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT

24  FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO/OAKLAND

25  DIVISION, AND PLAINTIFF SHARON OBAZEE:

26          PLEASE TAKE NOTICE that Defendants GENEX SERVICES, INC. (erroneously sued

27  as GENEX HOLDINGS, INC., doing business as GENEX SERVICES, INC.) and RANI

28  WINDELL ("Defendants") hereby invoke this Court's jurisdiction under 28 U.S.C. §§ 1331,

1   1367(a) and 1441(a) and remove the above-entitled action to this Court from the Superior Court

2   of the State of California for the County of Alameda.

3                                                    **BACKGROUND**

4       1.      On June 28, 2013, Plaintiff Sharon Obazee ("Plaintiff") filed an unverified civil

5   Complaint ("Complaint") against Defendants in the Superior Court of the State of California for

6   the County of Alameda entitled "*Obazee v. Genex Holdings, Inc. et al.,*" Case No. RG 13685714,

7   which sets forth the following causes of action: (1) disability and/or medical condition

8   discrimination in violation of the California Fair Employment and Housing Act ("FEHA");

9   (2) age discrimination in violation of FEHA; (3) race discrimination in violation of FEHA;

10  (4) interference with Family Medical Leave in violation of the Family Medical Leave Act

11  ("FMLA"); (5) retaliation in violation of FMLA; (6) wrongful termination in violation of FEHA;

12  (7) wrongful termination in violation of public policy; and (8) intentional infliction of emotional

13  distress.

14      2.      On July 1, 2013, Plaintiff served Defendants with her Summons, Complaint, and

15  related court documents.  True and correct copies of the Summons, Complaint, and other related

16  court documents received by Defendants are attached collectively hereto as Exhibit A.  This

17  removal therefore is timely because it has been filed within 30 days of service of the Summons

18  and Complaint as required by 28 U.S.C. § 1446(b).

19      3.      On July 29, 2013, Defendants filed and served their Answer in Alameda County

20  Superior Court.  A true and correct copy of Defendants' Answer is attached as Exhibit B.

21      4.      In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a

22  copy of this Notice of Removal and all supporting papers promptly will be served on Plaintiff's

23  counsel and filed with the Clerk of the Alameda County Superior Court.  Therefore, all

24  procedural requirements under 28 U.S.C. § 1446 have been satisfied.

25      5.      Venue of this action lies in the United States District Court for the Northern

26  District of California pursuant to 28 U.S.C. §§ 1441 et seq. and 1391(a) because this is the

27  judicial district of this Court in which the action arose, and where the claims arose.

28  ///

6.      Assignment to this division is proper because "all civil actions which arise in the count[y] of…Alameda…shall be assigned to the San Francisco Division or the Oakland Division" of the Northern District of California.   Northern District of California Local Rule 3.2(d).

## FEDERAL QUESTION JURISDICTION

7.      Federal "district courts shall have original jurisdiction of all civil actions under the Constitution, laws, or treatises of the United States."  28 U.S.C. § 1331; *See also* 28 U.S.C. § 1367(a).

8.      "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

9.      Plaintiff's fourth and fifth causes of action were brought under FMLA.  *See* Complaint at ¶¶ 66-79; 19 U.S.C. §2601 et seq.

10.      Accordingly, Plaintiff's fourth and fifth causes of action arise under federal law, and permit removal based on federal question jurisdiction.

WHEREFORE, Defendants remove the above-entitled action now pending in the Superior Court of the State of California for the County of Alameda to this Court.

Respectfully submitted,

Dated:  July 30, 2013

JACKSON LEWIS LLP

By:  _____
Tyler A. Brown
Punam Sarad
Attorneys for Defendants
GENEX SERVICES, INC. (erroneously sued as
GENEX HOLDINGS, INC., doing business as
GENEX SERVICES, INC.) and RANI WINDELL

# EXHIBIT A

*10012480*

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Daniel L. Feder, SBN 130867<br>The Law Office of Daniel Feder<br>332 Pine Street<br>Suite 700<br>San Francisco, CA 94104 | |

TELEPHONE NO.: 415-391-9476   FAX NO.: 415-391-9432
ATTORNEY FOR *(Name):* Sharon Obazee

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland CA 94612
BRANCH NAME:

CASE NAME: Obazee v. Genex Holdings, Inc

**FILED**
**ALAMEDA COUNTY**

JUN 2 8 2013

CLERK OF THE SUPERIOR COURT
By _____

| **CIVIL CASE COVER SHEET** | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | RG13685714 |
| | | | JUDGE: | |

*Items 1-6 below must be completed (see instructions on page 2).*

**1.** Check one box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400-3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [x] Other employment (15) | [ ] Other judicial review (39) | |

**2.** This case [ ] is [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve      in other counties, states, or countries; or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [x] punitive

**4.** Number of causes of action *(specify):* Eight

**5.** This case [ ] is [x] is not   a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 27, 2013

Daniel L. Feder, SBN 130867
*(TYPE OR PRINT NAME)*                                  *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
& Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10




## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2



*10012484*

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** Genex Holdings, Inc., doing
*(AVISO AL DEMANDADO):* business as Genex Services, Inc.,
a California Corporation; Rani Windell, an
individual; and Does 1-50, inclusive

<div style="float:right">

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
ALAMEDA COUNTY

JUN 2 8 2013

CLERK OF THE SUPERIOR COURT
By _____ Deputy

</div>

**YOU ARE BEING SUED BY PLAINTIFF:** Sharon Obazee, an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Alameda County Superior Court<br>1225 Fallon Street<br><br>Oakland CA | CASE NUMBER:<br>*(Número del Caso)* RG13685714 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Daniel L. Feder, SBN 130867       415-391-9476       415-391-9432
The Law Office of Daniel Feder
332 Pine Street
San Francisco, CA 94104

| DATE:<br>*(Fecha)* JUN 2 8 2013 | Leah T. Wilson | Clerk, by _____, Deputy<br>*(Secretario)*          *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| | | | Page 1 of 1 |
|---|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Legal<br>Solutions<br>Plus | Code of Civil Procedure §§ 412.20, 465 |



1 | Daniel Feder (SBN 130867)
LAW OFFICES OF DANIEL FEDER
2 | 332 Pine Street, Suite 700
San Francisco, CA 94104
3 | Telephone: (415) 391-9476
Facsimile: (415) 391-9432
4 | E-mail: danfeder@pacbell.net

**FILED**
ALAMEDA COUNTY

JUN 2 8 2013

CLERK OF THE SUPERIOR COURT
By _____
Deputy

5 | Attorneys for Plaintiff,
SHARON OBAZEE

6

7 | **SUPERIOR COURT OF CALIFORNIA**

8 | **COUNTY OF ALAMEDA**

9

10

11 | SHARON OBAZEE, an individual,      Case No.: RG13685714

12 |     Plaintiff,

13 |     v.

14

15 | GENEX HOLDINGS, INC., doing business as
GENEX SERVICES, INC., a California
16 | corporation; RANI WINDELL, an individual;
and DOES 1-50, inclusive,
17

18 |     Defendants.

**PLAINTIFF'S COMPLAINT FOR
DAMAGES FOR:**

Disability and/or Medical Condition; Age;
and Race Discrimination in Violation of
the California Fair Employment and
Housing Act, Cal. Govt. Code § 12940, *et
seq.* ("FEHA");
Family Medical Leave Act, 29 USC §
2601 ("FMLA"), *et seq.* Interference;
Retaliation in Violation of FMLA;
Wrongful Termination in Violation of
FEHA;
Wrongful Termination in Violation of
Public Policy; and
Intentional Infliction of Emotional
Distress

**JURY TRIAL DEMANDED**

19

20

21

22

23

24

25

26

27

28

---

**PLAINIFF SHARON OBAZEE'S COMPLAINT FOR DAMAGES**

1    Plaintiff SHARON OBAZEE files this complaint against Defendant GENEX

2   HOLDINGS, INC., doing business as GENEX SERVICES, INC., a California corporation;

3   RANI WINDELL, an individual; and DOES 1-50, inclusive, and alleges upon information and

4   belief, except as to the allegations that pertain to Plaintiff and her counsel, as follows:

5

6                                          **PARTIES**

7       1.   Plaintiff SHARON OBAZEE (hereinafter referred to as "Plaintiff") is a 64-year old

8   African-American female residing in Discovery Bay, California.

9       2.   Defendant GENEX HOLDINGS, INC., doing business as GENEX SERVICES, INC.,

10  (hereinafter referred to as "GENEX") is and was a corporation duly organized under the laws of

11  the State of Delaware, and is and was doing business in the State of California.

12      3.   Plaintiff was an employee of Defendant GENEX at its Pleasonton California location

13  from approximately January 2011 to November 2012 after GENEX acquired Intracorp from

14  Cigna, Inc., whereby Plaintiff continued her employment from Cigna to GENEX.  Plaintiff is

15  informed and believes, and thereupon alleges that Defendant GENEX maintains records relevant

16  to Plaintiff's employment and the claims herein at its location.

17      4.   Defendant RANI WINDELL (hereinafter referred to as "Windell") is a female adult, and

18  upon information and belief, a resident of the State of California.

19      5.   At all times material herein, Defendant Windell, a supervisor for and employee of

20  GENEX, and/or DOES 1-50, and was doing the actions mentioned below, was acting within the

21  course and scope of her authority as an employee and with the permission and consent of co-

22  Defendant(s).  At all relevant times herein, Defendant Windell was Plaintiff's immediate

23  supervisor, and Plaintiff reported to Defendant Windell for her work as an employee at GENEX.

24      6.   Plaintiff is ignorant of the true names and capacities of the Defendants who are sued

25  herein as DOES 1-50, inclusive, and therefore sues these Defendants by such fictitious names.

26  Plaintiff will amend this Complaint to allege the true names and capacities of DOES 1-50 when

27  ascertained.  Plaintiff is informed and believes, and thereon alleges, that each of said fictitiously

28
                                          2
                   **PLAINIFF SHARON OBAZEE'S COMPLAINT FOR DAMAGES**

1  named Defendants are responsible in some manner for the occurrences herein alleged, and that

2  Plaintiff's injuries were proximately caused by such unlawful conduct.

3      7.  Plaintiff is informed and believes, and thereupon alleges, that Defendant GENEX and/or

4  DOES 1-50 were her employers at all material times referenced herein.

5      8.  Plaintiff is informed and believes, and thereupon alleges, that at all times material herein,

6  each of the Defendants was functioning as the agent, servant, partner, employee and/or working

7  in concert with his, her or its co-Defendants and was acting within the course and scope of such

8  agency, partnership, employment and/or concerted activity.  To the extent that certain acts and

9  omissions were perpetrated by certain Defendants, the remaining Defendants confirmed and

10 ratified said acts and omissions of the co-Defendants, and in doing the actions mentioned below

11 was acting within the course and scope of his, her, or its authority as such agent, servant, partner,

12 and employee with the permission, consent, and ratification of the co-Defendants.

13     9.  Whenever and wherever reference is made in this Complaint to any act or failure to act

14 by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the

15 acts and failures to act of each Defendant acting individually, jointly, and severally.  Whenever

16 and wherever reference is made to individuals who are not named as Plaintiff or Defendants in

17 this Complaint, but who were employees/agents for Defendant GENEX and/or DOES 1-50,

18 inclusive, such individuals at all relevant times acted on behalf Defendant GENEX and/or DOES

19 1-50, inclusive within the course and scope of their employment.

20

21

## JURISDICTION AND VENUE

22     10.  Plaintiff brings this action pursuant to and under the provisions of the Fair Employment

23 and Housing Act, Cal. Govt. Code § 12940, et seq.; the Family and Medical Leave Act, 29 USC

24 § 2601 et seq.; the California Family Rights Act, Cal. Govt. Code  § 12945.2; the California

25 Labor Code; the California Constitution; and other common and statutory laws.

26

27

28

<center>3</center>
**PLAINIFF SHARON OBAZEE'S COMPLAINT FOR DAMAGES**

11.   Defendant GENEX, and or DOES 1-50, and each of them, are and at all times relevant hereto have been "employers" as defined by the Fair Employment and Housing Act (hereinafter referred to as "FEHA"). At all times set forth herein, Defendant GENEX and/or DOES 1-50 have employed five or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year and are otherwise subject to the provisions of FEHA and other applicable laws.

12.   Defendant GENEX and/or DOES 1-50 and each of them are and at all times relevant hereto have been "employers" as defined by the Family and Medical Leave Act (hereinafter referred to as "FMLA") and the California Family Rights Act (hereinafter referred to as "CFRA"). At all times set forth herein, Defendant GENEX and/or DOES 1-50 have employed fifty or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year and are otherwise subject to the provisions of FMLA, CFRA, and other applicable laws.

13.   The amount in controversy in this action exceeds the minimum jurisdictional threshold of this Court.

14.   Jurisdiction is proper pursuant to California Code of Civil Procedure § 410.10.

15.   Plaintiff informs and believes and thereon alleges that venue is proper in this Court because most of the witnesses and evidence relevant to this case are located in Alameda County, California, and the acts and events set forth in this Complaint occurred in whole or in part in the County of Alameda California.

## EXHAUSTION OF ADMINISTRATION REMEDIES

16.   Within the time provided by law, Plaintiff made complaints to the California Department of Fair Employment and House (hereinafter referred to as "DFEH") against each Defendant. Timely, on June 6, 2013, Plaintiff received a right-to-sue-letter from the DFEH in each instance.

## GENERAL ALLEGATIONS

17.  Plaintiff refers to and incorporates all of the paragraphs of this Complaint as though fully set forth herein.

18.  In or around April 1989, Plaintiff began working for Cigna, Inc.'s subsidiary, Intracorp, as a Job Developer, an entry-level position.  Plaintiff provided job seeking skill workshops to injured workers and facilitated on how to contact perspective employers.  Plaintiff was successful in her position and later became a Vocational Rehabilitation Counselor where she provided guidance to injured workers under the labor codes and assisted in finding employment. Throughout her years of employment with Intracorp, Plaintiff received accolades and several awards.

19.  In or around January 2011, Defendant GENEX acquired Intracorp from Cigna, Inc., and Plaintiff became the Area Sales Manager for Defendant GENEX as a result of the merger. Plaintiff identified, developed, and evaluated marketing strategies, and maintained and developed client relationships.  Plaintiff continued to use her knowledge of labor codes to identify new market opportunities.

20. Rani Windell became Plaintiff's immediate supervisor as the Regional Director, West Region at GENEX.

21.  At Plaintiff's first formal introduction of the new management team, it was apparent that Windell was indifferent toward Plaintiff.  Plaintiff met with Tom Seybold and Windell to discuss the company's goals; Tom was friendly and shook Plaintiff's hand while Windell avoided any interaction with Plaintiff.

22.  Windell had planned to conference in March to discuss the account allocation.  This never happened.  In or around April or May 2011, Windell assigned duplicate accounts that resulted from the merger to Kelly Podsedly, at that time, a Caucasian female employee under 40-years of age and with approximately five years of experience in the industry.  The next year, Windell transferred an opportunity with a customer (Argonaut) to Kelly Posedly, and Plaintiff confronted Windell with a 2011 e-mail where Windell stated she would give the Argonaut

5
PLAINIFF SHARON OBAZEE'S COMPLAINT FOR DAMAGES

1   account to Plaintiff.  Soon thereafter, the 2011 e-mails were deleted from Plaintiff's computer,

2   erasing any statement that Windell made regarding assigning the Argonaut account to Plaintiff.

3      23.  Before the acquisition, Plaintiff had several large accounts, including but not limited to,

4   Berkshire Hathaway, Zenith, Athens, Employers Insurance Group, Keenan & Associates,

5   Employers Group, Sedgwick, Matrix Absence Management, and Uninsured Insurance Group.

6   These accounts were given to Kelly Podsedly throughout 2011 to 2012, and Plaintiff remained

7   with a minimal number of active accounts, far below what she had before her work was under

8   Windell's supervision.  Other former Caucasian and younger Intracorp employees had a mixed

9   book of accounts, comprised of Intracorp and GENEX customers.

10      24.  Plaintiff had monthly telephonic meetings with Windell and was required to submit

11   weekly reports Windell.  Plaintiff requested a review of the accounts on numerous occasions, and

12   Windell failed to have any open discussion about the assignment of the accounts.  Windell never

13   followed through with providing a review of the list of accounts that were to be assigned to

14   Plaintiff.  This left Plaintiff with no new accounts and inactive accounts, which negatively

15   positioned Plaintiff for failure at GENEX.

16      25.  In and around May 2011, Windell directly expressed to Plaintiff that Windell was under

17   pressure to reduce staff numbers to one position in the San Francisco Bay Area.

18      26.  Increasingly, Windell did not respond to Plaintiff regarding work matters and gave her

19   attention to younger Caucasian employees.

20      27.  Plaintiff continued to exceed her revenue goals and gained the year-end bonus, despite

21   that fact that she was not assigned any new accounts and had a minimal number of large national

22   accounts.  In comparison, Kelly Podsedly was given Plaintiff's active local accounts and reached

23   double the amount of Plaintiff's revenue.  There was more potential gain in local accounts than

24   national accounts.  Referrals gained from local accounts were considered additional revenue and

25   provided the opportunity to go under a superficial adjuster to gain access to the employer,

26   whereas the larger or national accounts did not have this type of opportunity.

27

28

**PLAINIFF SHARON OBAZEE'S COMPLAINT FOR DAMAGES**

28.  In or around December 2011, Windell asked Plaintiff to increase a prospect list from her national accounts by using GENEX's products, essentially asking Plaintiff to falsify data to make it appear like there was an increase in revenue using Plaintiff's current accounts.  By fraudulently attaching GENEX products to the current account list, the existing customers appeared to be now "prospects."  Plaintiff reluctantly complied with Windell's instructions.

29.  Before the New Year, around December 2011, Windell told Plaintiff that they would discuss how to split the accounts.  However, in or around January 2012, Plaintiff was assigned only approximately 12 active accounts and Kelly Podsedly had approximately 107 accounts.  Realizing that Plaintiff had significantly fewer accounts, she asked Windell for a discussion in or around February 2012.  Like before, Windell never fulfilled her promise to discuss the unequal account allocation with Plaintiff.

30.  Other employees, who were from Intracorp, received new computers in the beginning of January and February of 2012.  Plaintiff continued to use her old computer, which broke down frequently, and Plaintiff did not have access to certain GENEX software.  Plaintiff addressed the computer issue to Windell, but Windell ignored this complaint.  Plaintiff was ill-equipped with the necessary tools to do her work at GENEX.

31.  Furthermore, Windell failed to communicate the new policy and system for referral credits that Plaintiff was measured by as an employee at GENEX.  Windell did not tell the employees their goals for January and February, and later told employees their March goals at the end of March 2012.  Due to this mismanagement, employees took credits that belonged to other employees, and Windell used this against Plaintiff as a measure of her low performance and to support her comments that Plaintiff was "harder to train."  On certain occasions, Windell intended to credit herself for sales where Plaintiff used her existing relationships to develop opportunities and to close the deal.  Windell credited other employees with bill review services when Plaintiff had developed MSA product opportunities.

32.  In and around May 2012, Plaintiff e-mailed Windell, "Can we talk?" and Windell requested that Plaintiff respond by e-mail each time Windell e-mailed Plaintiff, restricting communication to only e-mail and making communication even more difficult.

33.  Windell also became more vocal in her condescending comments toward Plaintiff. When Plaintiff asked questions about accounts, Windell took advantage of the situation to scoff at Plaintiff for asking such questions with her "years of experience." Yet, the questions were clearly such that needed Windell's advice or approval as a supervisor. Windell expressed that Plaintiff was more difficult to train than others, while Windell did not acknowledge the mistakes in tracking Plaintiff's revenues and credits.

34.  In or around June 2012, Windell agreed to meet with Plaintiff, which did not prove to be fruitful. First, Windell stated that Plaintiff did not have to meet the clients to obtain a referral, but Plaintiff expressed that meeting clients face-to-face was crucial to delivering services and maintaining relationships. Windell limited only Plaintiff's monthly budget, and not other employees, and refused to approve Plaintiff's requests to attend conferences, seminars, and tradeshows, which were key in gaining business. Consequently, Windell deprived Plaintiff of business opportunities. Second, Windell recommended that providing Starbucks cards and gift certificates to adjusters who gave Plaintiff five referrals or more would increase Plaintiff's performance, which Plaintiff expressed that she was uncomfortable doing yet pressured to comply. Third, Windell asked Plaintiff when she planned to retire and expressed she had believed that Plaintiff requested the meeting to provide a notice of resignation.

35.  On or around July 9, 2012, Plaintiff received a Performance Improvement Plan where Windell expressed that Plaintiff was underperforming. Windell did not follow company policy in this review. Windell never met with Plaintiff in person to discuss the Performance Improvement Plan and did not discuss how Plaintiff could improve her performance in their previous meeting in June 2012.

36.  On or around October 8, 2012 Plaintiff injured her left hand while at work, and further injured her right hand at home on October 13, 2012. After a doctor's visit on November 8, 2012,

1  Plaintiff began physical therapy and the doctor advised surgery, which required Plaintiff to take a

2  medical leave from work.

3     37.  On or around November 27, 2012, Plaintiff e-mailed Windell's secretary to request a

4  medical leave.  That same day human resources responded with papers to be filled out by

5  Plaintiff, and Windell subsequently e-mailed Plaintiff on the same day that it would be her last

6  day of employment with GENEX.  Windell stated Plaintiff would be paid through November 29,

7  2012.

8

9  <div align="center">**FIRST CAUSE OF ACTION**

10  **Physical Disability and/or Medical Condition Discrimination**
**Brought by Plaintiff Obazee against Defendants GENEX, Windell, and DOES 1-50**
**(Cal. Govt. Code § 12940, <u>et seq.</u>)**</div>

11     38.  Plaintiff refers to and incorporates all of the paragraphs of this Complaint as though

12  fully set forth herein.

13     39.  At all times herein mentioned, FEHA was in full force and effect and was binding upon

14  Defendants GENEX, Windell, and/or DOES 1-50, and each of them.  FEHA requires employers

15  such as Defendants to refrain from discrimination against and harassment of an employee on the

16  basis of his or her physical disability or medical condition, among other classifications.

17     40.  Plaintiff is and was a member of a protected class within the definition FEHA as an

18  individual with a physical disability and/or medical condition during her employment with

19  GENEX and at the time of her termination.

20     41.  Plaintiff injured her left hand at work and her right hand at home.  She intended to take

21  a medical leave from work for her hand surgery, as advised by her doctor, and she expressed this

22  to GENEX and Windell.  She was terminated right after she requested the papers to fill out for

23  her medical leave absence.

24     42.  At all material times, hereto Plaintiff satisfactorily performed her duties and

25  responsibilities as expected by Defendants, despite her injuries and the Defendants'

26  discriminatory conduct.

27

28  <div align="center">9
**PLAINIFF SHARON OBAZEE'S COMPLAINT FOR DAMAGES**</div>

43.  Plaintiff alleges upon information and belief that Defendants terminated Plaintiff's employment because of her physical disability and/or medical condition.  Such discrimination is in violation of Cal. Govt. Code § 12940 et seq. and has resulted in damage and injury to Plaintiff as alleged herein.

44.  As a direct and proximate result of Defendants' willful, knowing, and intentional discrimination against Plaintiff based on her physical disability and/or medical condition, Plaintiff has sustained and continues to sustain extreme and severe mental anguish and emotional distress.  Plaintiff has also suffered and continues to suffer loss of earnings and other employment benefits.  Plaintiff is thereby entitled to general and compensatory damages in the amount to be proven at trial.

45.  Defendants' conduct as described above was willful, despicable, knowing, and intentional.  Accordingly, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

46.  WHEREFORE, Plaintiff prays for judgment, including punitive damages as more fully set forth below.

## SECOND CAUSE OF ACTION
## AGE DISCRIMINATION
**Brought by Plaintiff Obazee against Defendants GENEX, Windell, and DOES 1-50**
**(Cal. Govt. Code § 12940, et seq.)**

47.  Plaintiff refers to and incorporates all of the paragraphs of this Complaint as though fully set forth herein.

48.  At all times herein mentioned, FEHA was in full force and effect and was binding upon Defendants GENEX, Windell, and/or DOES 1-50, and each of them.  FEHA requires employers such as Defendants to refrain from discrimination against and harassment of an employee on the basis of his or her age, among other classifications.

49.   Plaintiff is and was a member of a protected age class within the definition FEHA as an employee 40 or more years of age during her employment with GENEX and at the time of her termination.

50.   Defendants favored younger employees and provided more opportunities to succeed to younger employees, while isolating Plaintiff and other older employees.

51.   Defendant Windell pointedly and discriminatorily referenced Plaintiff's age when asking Plaintiff when she planned for retirement at inappropriate situations, and when Plaintiff asked Windell questions about work.

52.   At all material times, hereto Plaintiff satisfactorily performed her duties and responsibilities as expected by Defendants.

53.   Plaintiff alleges upon information and belief that Defendants harassed, discriminated, and terminated Plaintiff because of her age.  Such discrimination is in violation of Cal. Govt. Code § 12940 et seq. and has resulted in damage and injury to Plaintiff as alleged herein.

54.   As a direct and proximate result of Defendants' willful, knowing, and intentional discrimination against Plaintiff based on her age, Plaintiff has sustained and continues to sustain extreme and severe mental anguish and emotional distress.  Plaintiff has also suffered and continues to suffer loss of earnings and other employment benefits.  Plaintiff is thereby entitled to general and compensatory damages in the amount to be proven at trial.

55.   Defendants' conduct as described above was willful, despicable, knowing, and intentional.  Accordingly, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

56.   WHEREFORE, Plaintiff prays for judgment, including punitive damages as more fully set forth below.

## THIRD CAUSE OF ACTION
## RACE DISCRIMINATION
Brought by Plaintiff Obazee against Defendants GENEX, Windell, and DOES 1-50
(Cal. Govt. Code § 12940, et seq.)

PLAINIFF SHARON OBAZEE'S COMPLAINT FOR DAMAGES

57.   Plaintiff refers to and incorporates all of the paragraphs of this Complaint as though fully set forth herein.

58.   At all times herein mentioned, FEHA was in full force and effect and was binding upon Defendants GENEX, Windell, and/or DOES 1-50, and each of them.  FEHA requires employers such as Defendants to refrain from discrimination against and harassment of an employee on the basis of his or her race, among other classifications.

59.   Plaintiff is and was a member of a protected class within the definition FEHA as an African-American employee during her employment with GENEX and at the time of her termination.

60.   Plaintiff was the only African-American employee at GENEX and was discriminated by Defendants because of her race.  Windell favored Caucasian employees and provided those employees with opportunities at Plaintiff's disadvantage.

61.   At all material times, hereto Plaintiff satisfactorily performed her duties and responsibilities as expected by Defendants.

62.   Plaintiff alleges upon information and belief that Defendants harassed, discriminated, and terminated Plaintiff because of her race.  Such discrimination is in violation of Cal. Govt. Code § 12940 et seq. and has resulted in damage and injury to Plaintiff as alleged herein.

63.   As a direct and proximate result of Defendants' willful, knowing, and intentional discrimination against Plaintiff based on her race, Plaintiff has sustained and continues to sustain extreme and severe mental anguish and emotional distress.  Plaintiff has also suffered and continues to suffer loss of earnings and other employment benefits.  Plaintiff is thereby entitled to general and compensatory damages in the amount to be proven at trial.

64.   Defendants' conduct as described above was willful, despicable, knowing, and intentional.  Accordingly, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

65.   WHEREFORE, Plaintiff prays for judgment, including punitive damages as more fully set forth below.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FOURTH CAUSE OF ACTION**
**FMLA INTEFERENCE**
Brought by Plaintiff Obazee against Defendants GENEX, Windell
and/or DOES 1-50 inclusive
(19 U.S.C. § 2601, et seq.)

66.   Plaintiff refers to and incorporates all of the paragraphs of this Complaint as though fully set forth herein.

67.   At all times herein mentioned, FMLA was in full force and effect and was binding upon Defendants GENEX, Windell and/or DOES 1-50, and each of them.

68.   As the date of her termination, Plaintiff had been employed with Defendants for approximately 22 months. During the 22 months immediately preceding her termination, Plaintiff was employed for at least 1,250 hours of service.  Plaintiff satisfied the 12-month period for the FMLA entitlement.

69.   Prior to her termination, Plaintiff expressed the need to take a leave of absence due to her injuries and need for surgery to Defendants.

70.   Plaintiff alleges upon information and belief that Defendants terminated her to prevent her from taking a leave under FMLA.

71.   As a direct, proximate, and foreseeable result of Defendants' acts and failure to act as alleged herein, Plaintiff was terminated from her job.  Plaintiff has sustained and continues to sustain physical injuries, pain and suffering, and extreme and severe mental anguish and emotional distress.  Plaintiff has incurred and will continue to incur medical expenses for treatment and for incidental medical expenses.  Plaintiff has suffered and continues to suffer a loss of earnings and other employment benefits.  Plaintiff is thereby entitled to general and compensatory damages in the amounts to be proven at trial.

72.   Defendants' conduct as described above was willful, despicable, knowing, and intentional.  Accordingly, Plaintiff seeks an award of punitive and exemplary damages in the amount according to proof.

**PLAINIFF SHARON OBAZEE'S COMPLAINT FOR DAMAGES**

1    73.  WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully

2   set forth below.

3

4                              FIFTH CAUSE OF ACTION
                           RETALIATION IN VIOLATION OF FMLA
5          Brought by Plaintiff Obazee against Defendants GENEX and Windell
                                and/or DOES 1-50 inclusive
6                              (19 U.S.C. § 2601, et seq.)

7    74.  Plaintiff refers to and incorporates all of the paragraphs of this Complaint as though

8   fully set forth herein.

9    75.  The FMLA makes it unlawful for an employer to retaliate against an employee for

10  engaging in any activity protected under the chapter.  Plaintiff engaged in protected activities

11  pursuant to the FMLA when she requested a review and discussion of her accounts, and

12  expressed her need for a medical leave and further requested the proper forms to fill out for such

13  purpose.

14   76.  Plaintiff is informed and believes and thereon alleges that Defendants discharged

15  Plaintiff at least in part because she engaged in the aforementioned conduct.

16   77.  As a direct, proximate, and foreseeable result of Defendants' acts and failure to act as

17  alleged herein, Plaintiff was terminated from her job.  Plaintiff has sustained and continues to

18  sustain physical injuries, pain and suffering, and extreme and severe mental anguish and

19  emotional distress.  Plaintiff has incurred and will continue to incur medical expenses for

20  treatment and for incidental medical expenses.  Plaintiff has suffered and continues to suffer a

21  loss of earnings and other employment benefits.  Plaintiff is thereby entitled to general and

22  compensatory damages in the amounts to be proven at trial.

23   78.  Defendants' conduct as described above was willful, despicable, knowing, and

24  intentional.  Accordingly, Plaintiff seeks an award of punitive and exemplary damages in the

25  amount according to proof.

26

27

28                                          14
                  PLAINTIFF SHARON OBAZEE'S COMPLAINT FOR DAMAGES

79.   WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

### SIXTH CAUSE OF ACTION
### WRONGFUL TERMINATION IN VIOLATION OF FEHA
**Brought By Plaintiff Obazee Against Defendants GENEX, Windell, and DOES 1-50**
**(Cal. Govt. Code § 12940, et seq.)**

80.   Plaintiff refers to and incorporates all of the paragraphs of this Complaint as though fully set forth herein.

81.   Plaintiff alleges that Defendants GENEX, Windell, and DOES 1-50, inclusive, terminated Plaintiff's employment with GENEX because of her age, race, and physical disability and/or medical condition. Accordingly, Defendants and each of them violated California law when they terminated Plaintiff's employment.

82.   Plaintiff was a veteran at her job because she had worked at GENEX's competitor, Intracorp, for about 22 years and also received praise for her job performance at Intracorp. When she continued her employment with GENEX, Plaintiff satisfactorily worked for Defendants, despite the discriminatory conduct and mismanagement by Defendant Windell. Plaintiff continued to exceed her goals, receive bonuses, maintain client relationships, and close deals.

83.   As a direct and proximate result of Defendants' willful, knowing, and intentional discrimination against Plaintiff based on her age, race, and physical disability and/or medical condition, Plaintiff has sustained and continues to sustain extreme and severe mental anguish and emotional distress. Plaintiff has also suffered and continues to suffer loss of earnings and other employment benefits. Plaintiff is thereby entitled to general and compensatory damages in the amount to be proven at trial.

84.   Defendants' conduct as described above was willful, despicable, knowing, and intentional. Accordingly, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

85.   WHEREFORE, Plaintiff prays for judgment, including punitive damages as more fully set forth below.

### SEVENTH CAUSE OF ACTION
### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
**Brought By Plaintiff Perez Against Defendants SolarCity, Mitchell, and DOES 1-50**

86.   Plaintiff refers to and incorporates all of the paragraphs of this Complaint as though fully set forth herein.

87.   Plaintiff alleges upon information and belief that Defendants GENEX, Windell, and/or DOES 1-50, inclusive, terminated Plaintiff's employment because of her age, race, and physical disability and/or medical condition.  Accordingly, Defendants and each of them violated California law, including but not limited to, California Government Code section 12940, et seq.

88.   As a direct and proximate result of Defendants' willful, knowing, and intentional discrimination against Plaintiff based on her age, race, and physical disability and/or medical condition, Plaintiff has sustained and continues to sustain extreme and severe mental anguish and emotional distress.  Plaintiff has also suffered and continues to suffer a loss of earnings and other employment benefits.  Plaintiff is thereby entitled to general and compensatory damages in the amounts to be proven at trial.

89.   The conduct of Defendants in terminating Plaintiff's employment without good, just, or legitimate cause, in retaliation for his complaints about general work safety and Defendants' unlawful conduct, and because of her age, race, and physical disability and medical condition violated California public policy.  Plaintiff alleges upon information and belief that his termination by Defendants, and each of them was done with an intent to cause injury to Plaintiff.  As a consequence of the aforesaid oppressive, malicious, and despicable conduct, Plaintiff is entitled to an award of punitive damages in a sum to be shown according to proof.

90.   WHEREFORE, Plaintiff prays for judgment as more fully set forth below.

**PLAINIFF SHARON OBAZEE'S COMPLAINT FOR DAMAGES**

## EIGHTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**Brought By Plaintiff Perez Against all Defendants**

91.   Plaintiff refers to and incorporates all of the paragraphs of this Complaint as though fully set forth herein.

92.   Defendants engaged in outrageous and unprivileged conduct that Plaintiff is informed and believes was intended to cause her harm. Alternatively, Defendants acted with reckless disregard of the probability that Plaintiff would suffer severe emotional distress as a result of their outrageous conduct as described herein.

93.   As a direct and proximate results of Defendants' outrageous, unprivileged, and extreme conduct alleged above, Plaintiff suffered severe, substantial, and enduring emotional distress, including humiliation, embarrassment, anxiety, and indignity, in an amount which will be proven at trial.

94.   Defendants' conduct was intentional and malicious, and done for the purpose of causing Plaintiff to suffer severe, substantial and enduring humiliation, mental anguish, and emotional and physical distress. Alternatively, Defendants, and each of them, acted with reckless disregard of the probability that their harassing and discriminating conduct, alleged herein above would in fact cause Plaintiff to suffer humiliation, mental anguish, and emotional and physical distress. Further, Defendants' conduct in confirming and ratifying the original discriminatory and harassing conduct, without redress of any kind was done with the knowledge that Plaintiff's emotional and physical distress would thereby increase, and was done with a wanton and reckless disregard of the consequences to Plaintiff.

95.   In failing to correct, prevent or refrain from said harassing and retaliatory conduct, Defendants cause Plaintiff severe harm. Defendants' conduct was malicious and oppressive, in willful and conscious disregard of Plaintiff's rights and subjected Plaintiff to cruel and unjust hardship. Thus, an award of exemplary and punitive damages is justified in an amount to be proven at trial.

96.   WHEREFORE, Plaintiff prays for judgment, including punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff makes the following demand:

1.     That process be issued and served as provided by law, requiring Defendants, and each of them, to appear and answer or face judgment;

2.     For general, special, actual, compensatory, and/or nominal damages against Defendants in an amount according to proof at trial;

3.     For punitive damages in an amount to be determined at trial, sufficient to punish, penalize, and/or deter Defendants and others from engaging in the conduct described herein;

4.     For back and/or front pay and other benefits Plaintiff would have been afforded, but for Defendants' unlawful conduct.

5.     For costs and expenses of this litigation;

6.     For reasonable attorneys' fees where appropriate;

7.     For pre- and post-judgment interest on all damages and other relief awarded herein from all entities against whom such relief may be properly awarded; and

8.     For all such other further relief as the nature of the case may require and this Court deems appropriate and just.

Dated: June 27, 2013

Respectfully submitted,

By _Daniel L. Feder_

Daniel L. Feder

Attorneys for Plaintiff, Sharon Obazee

PLAINTIFF DEMANDS TRIAL BY JURY.

1   Dated: June 27, 2013

2

3                                      Respectfully submitted,

4                                      By: Daniel Feder

5                                      Daniel L. Feder

6                                      Attorneys for Plaintiff, Sharon Obazee

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINIFF SHARON OBAZEE'S COMPLAINT FOR DAMAGES

Law Offices of Daniel Feder
Attn: FEDER, DANIEL L
332 Pine Street
Suite 700
San Francisco, CA  94104____

## Superior Court of California, County of Alameda

| | |
|---|---|
| Obazee<br><br>          **Plaintiff/Petitioner(s)**<br><br>VS.<br><br>Genex Holdings, Inc. doing business as Genex<br>Seric<br><br>          **Defendant/Respondent(s)**<br>(Abbreviated Title) | No. <u>RG13685714</u><br><br>**NOTICE OF CASE MANAGEMENT<br>CONFERENCE AND ORDER**<br>Unlimited Jurisdiction |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.

Notice is given that a Case Management Conference has been scheduled as follows:

| | | |
|---|---|---|
| Date: 11/13/2013<br>Time: 02:30 PM | Department: 514<br>   Location: **Hayward Hall of Justice**<br>       **2nd Floor**<br>       **24405 Amador Street, Hayward  CA  94544**<br><br>  Internet: **http://www.alameda.courts.ca.gov** | Judge: **George C. Hernandez, Jr.**<br>Clerk: **Yolanda Estrada**<br>Clerk telephone: **(510) 690-2723**<br>E-mail:<br>**Dept.514@alameda.courts.ca.gov**<br>Fax: **(510) 267-1584** |

### ORDERS

1. You must:
   a. **Serve** all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
   b. **Give notice** of this conference to any party not included in this notice and file proof of service;
   c. **Meet and confer**, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference;
   d. **File and serve** a completed Case Management Statement (use of Judicial Council Form CM-110 is <u>mandatory</u>) at least 15 days before the Case Management Conference (CRC 3.725)*

2. If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3. You are further ordered to appear in person† (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4. The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
   a. Referring to ADR and setting an ADR completion date
   b. Dismissing or severing claims or parties
   c. Setting a trial date.

* Case Management Statements may be filed by E-delivery, by emailing them to the following address: **EDelivery@alameda.courts.ca.gov**. No fee is charged for this service. For further information, go to **Direct Calendar Departments at http://apps.alameda.courts.ca.gov/domainweb**.

†Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 07/02/2013.

By          _Brian Barber_
                       _____
                                  Deputy Clerk

### Superior Court of California, County of Alameda



### Notice of Assignment of Judge for All Purposes

Case Number: RG13685714
Case Title:     Obazee VS Genex Holdings, Inc. doing business as Genex Seric
Date of Filing: 06/28/2013

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:**

| | |
|---|---|
| **Judge:** | **George C. Hernandez, Jr.** |
| **Department:** | **514** |
| **Address:** | **Hayward Hall of Justice** |
| | **24405 Amador Street** |
| | **Hayward CA  94544** |
| **Phone Number:** | **(510) 690-2723** |
| **Fax Number:** | **(510) 267-1584** |
| **Email Address:** | **Dept.514@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law.  (See Code Civ. Proc. §§ 170.6, subd. (a)(2) and 1013.)**

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording.

Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

### General Procedures

Following assignment of a civil case to a specific department, all pleadings must be filed at the court facility where that department is located. The René C. Davidson Courthouse is the filing location for departments situated in the Alameda County Administration Building and the United States Post Office (see Local Rule, rule 1.9(d) effective as of 01/01/2013). All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

<div align="center">

ASSIGNED FOR ALL PURPOSES TO
JUDGE George C. Hernandez, Jr.
DEPARTMENT 514

</div>

All parties are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at: http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days". Plaintiff received that form in the ADR information package at the time the complaint was filed. The court's Web site also contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

You may schedule case management hearings, law & motion hearings and other calendar events with Department 514 by e-mail. The use of e-mail is not a subsitutute for filing pleadings or filing other documents. You must provide copies of all email communications to each party (orparty's attorney if the party is represented) at the same time that you send the e-mail to the Court and you must show that you have done so in your e-mail.

Courtesy copies of all moving, opposition and reply papers should be delivered directly to Department 514 at the Hayward Hall of Justice.

### Schedule for Department 514

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held:  Mondays through Fridays at 8:30 a.m.

- Case Management Conferences are held:  Mondays and Wednesdays at 2:30 p.m.

- Law and Motion matters are heard:  Tuesdays and Thursdays at 2:30 p.m.

- Settlement Conferences are heard:  Fridays at 2:30 p.m.

- Ex Parte matters are heard:  Tuesdays and Thursdays at 2:30 p.m.

### Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
   Email:        Dept.514@alameda.courts.ca.gov

- Ex Parte Matters
     Email:        Dept.514@alameda.courts.ca.gov

**Tentative Rulings**

The court may issue tentative rulings in accordance with the Local Rules.  Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website:  www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 514
- Phone:  1-866-223-2244

Dated:  07/01/2013

Facsimile

Presiding Judge,
Superior Court of California, County of Alameda

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 07/02/2013

By

Deputy Clerk



**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| DANIEL L. FEDER, ESQ. (130867)<br>LAW OFFICES OF DANIEL FEDER<br>332 Pine Street, Suite 700<br>San Francisco, California 94104 | |

TELEPHONE NO.: (415) 391-9476     FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):* SHARON OBAZEE

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA   SUPERIOR
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, California   94612
BRANCH NAME:

PLAINTIFF/PETITIONER: SHARON OBAZEE

DEFENDANT/RESPONDENT: GENEX HOLDINGS, INC.

**PROOF OF SERVICE OF SUMMONS**

FILED
ALAMEDA COUNTY

JUL 0 3 2013

CLERK OF THE SUPERIOR COURT
By *Monnean G. Phass*

CASE NUMBER:
RG13685714

Ref. No. or File No.:
W2615093

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☐ summons
   b. ☐ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* Summons And Complaint; Civil Cover Sheet

3. a. Party served *(specify name of party as shown on documents served):*
      GENEX HOLDINGS, INC., doing business as GENEX SERVICES, INC., a California Corporation

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      Margaret Wilson, Authorized Agent Of Ct Corporation System, Agent For Service Of Process

4. Address where the party was served: 818 W Seventh St
   Los Angeles CA 90017

5. I served the party *(check proper box)*
   a. ☑ by personal service. I personally delivered the documents listed in Item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 7/1/2013     (2) at *(time):* 3:00 p.m.
   b. ☐ by substituted service. On *(date):*           at *(time):*           I left the documents listed in Item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*           from *(city):*           or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

| | | Page 1 of 2 |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |




| PLAINTIFF/PETITIONER: SHARON OBAZEE | CASE NUMBER. |
|---|---|
| DEFENDANT/RESPONDENT: GENEX HOLDINGS, INC. | RG13685714 |

6.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date):*         (2)  from *(city):*

    (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me.  *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4)  ☐  to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

   d.  ☐  **by other means** *(specify means of service and authorizing code section):*

     ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

   a.  ☐  as an individual defendant.
   b.  ☐  as the person sued under the fictitious name of *(specify):*
   c.  ☐  as occupant.
   d.  ☑  On behalf of *(specify):*  GENEX HOLDINGS, INC., doing business as GENEX SERVICES, INC., a California Corporation

    under the following Code of Civil Procedure section:

      ☑  416.10 (corporation)        ☐  415.95 (business organization, form unknown)
      ☐  416.20 (defunct corporation)     ☐  416.60 (minor)
      ☐  416.30 (joint stock company/association)  ☐  416.70 (ward or conservatee)
      ☐  416.40 (association or partnership)    ☐  416.90 (authorized person)
      ☐  416.50 (public entity)         ☐  415.46 (occupant)
                              ☐  other:

7.  Person who served papers
   a.  Name:  B. Anderson
   b.  Address: Wheels of Justice, Inc., 657 Mission Street, Suite 502, San Francisco, California  94105
   c.  Telephone number: (415)  546-6000
   d.  The fee for service was: $
   e.  I am:

    (1)  ☐  not a registered California process server.
    (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
    (3)  ☑  a registered California process server:
      (i)  ☐  owner  ☐  employee  ☑  independent contractor.
      (ii)  Registration No.: 6416
      (iii)  County: Los Angeles

8.  ☑  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:  July 1, 2013

     B. Anderson                     ▶
   ―――――――――――――――――――――――――――――   ―――――――――――――――――――――
   (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)           (SIGNATURE )



**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| DANIEL L. FEDER, ESQ. (130867) | |
| LAW OFFICES OF DANIEL FEDER | |
| 332 Pine Street, Suite 700 | |
| San Francisco, California 94104 | |

TELEPHONE NO: (415) 391-9476      FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):* SHARON OBAZEE

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA   SUPERIOR

STREET ADDRESS: 1225 Fallon Street

MAILING ADDRESS:

CITY AND ZIP CODE: Oakland, California   94612

BRANCH NAME:

FILED
ALAMEDA COUNTY
JUL 0 3 2013
CLERK OF THE SUPERIOR COURT
By _____ Deputy

PLAINTIFF/PETITIONER: SHARON OBAZEE

DEFENDANT/RESPONDENT: GENEX HOLDINGS, INC.

CASE NUMBER: RG13685714

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.: W2615094

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☐ summons
   b. ☐ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* Summons And Complaint; Civil Cover Sheet

3. a. Party served *(specify name of party as shown on documents served):*
      RANI WINDELL, an individual

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served: 2472 Emerald Bay Dr
                                        Brentwood, Ca 94513-5467

5. I served the party *(check proper box)*
   a. ☑ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 7/1/2013     (2) at *(time):* 1:20 p.m.

   b. ☐ by substituted service. On *(date):*              at *(time):*              I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*              from *(city):*              or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

| Form Adopted for Mandatory Use | **PROOF OF SERVICE OF SUMMONS** | Page 1 of 2 |
|---|---|---|
| Judicial Council of California | | Code of Civil Procedure, § 417.10 |
| POS-010 [Rev. January 1, 2007] | | |

| | |
|---|---|
| PLAINTIFF/PETITIONER: SHARON OBAZEE | CASE NUMBER: |
| DEFENDANT/RESPONDENT: GENEX HOLDINGS, INC. | RG13685714 |

5.  c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in Item 2 to the party, to the address shown in Item 4, by first-class mail, postage prepaid.

(1) on *(date):*             (2) from *(city):*

(3) ☐ with two copies of the *Notice and Acknowledgement of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d.  ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☑ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify):*
   c. ☐ as occupant.
   d. ☐ On behalf of *(specify):*
   under the following Code of Civil Procedure section:

   ☐ 416.10 (corporation)            ☐ 415.95 (business organization, form unknown)
   ☐ 416.20 (defunct corporation)     ☐ 416.60 (minor)
   ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
   ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)
   ☐ 416.50 (public entity)            ☐ 415.46 (occupant)
                                       ☐ other:

7.  **Person who served papers**
   a. Name: Susan L. Corn
   b. Address: Wheels of Justice, Inc., 657 Mission Street, Suite 502, San Francisco, California 94105
   c. Telephone number: (415) 546-6000
   d. The fee for service was: $
   e. I am:
      (1) ☐ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☑ a registered California process server:
         (i) ☐ owner ☐ employee ☑ independent contractor.
         (ii) Registration No.: 583
         (iii) County: Contra Costa

8.  ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   *or*

9.  ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: July 1, 2013

Susan L. Corn
                                                   *(Signature)*
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

### Superior Court of California, County of Alameda



### Notice of Reassignment of Judge for All Purposes
### Effective: August 1, 2013

Case Number: RG13685714
Case Title:    Obazee VS Genex Holdings, Inc. doing business as Genex Seric
Date of Filing: 06/28/2013

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby reassigned by the Presiding Judge for all purposes to:**

|  |  |
|---|---|
| **Judge:** | **Stephen Kaus** |
| **Department:** | **514** |
| **Address:** | **Hayward Hall of Justice** |
|  | **24405 Amador Street** |
|  | **Hayward  CA  94544** |
| **Phone Number:** | **(510) 690-2723** |
| **Fax Number:** | **(510) 267-1584** |
| **Email Address:** | **Dept.514@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law.  (See Code Civ. Proc. §§ 170.6, subd. (a)(2) and 1013.)**

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording.

Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY

OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

## General Procedures

Following assignment of a civil case to a specific department, all pleadings must be filed at the court facility where that department is located. The René C. Davidson Courthouse is the filing location for departments situated in the Alameda County Administration Building and the United States Post Office (see Local Rule, rule 1.9(d) effective as of 01/01/2013). All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

<div align="center">

ASSIGNED FOR ALL PURPOSES TO
JUDGE Stephen Kaus
DEPARTMENT 514

</div>

All parties are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at: http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days". Plaintiff received that form in the ADR information package at the time the complaint was filed. The court's Web site also contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

You may schedule case management hearings, law & motion hearings and other calendar events with Department 514 by e-mail. The use of e-mail is not a subsitute for filing pleadings or filing other documents. You must provide copies of all email communications to each party (or party's attorney if the party is represented) at the same time that you send the e-mail to the Court and you must show that you have done so in your e-mail.

Courtesy copies of all moving, opposition and reply papers should be delivered directly to Department 514 at the Hayward Hall of Justice.

## Schedule for Department 514

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held:  Mondays through Fridays at 9:00 a.m.

- Case Management Conferences are held:  Mondays and Wednesdays at 2:30 p.m.

- Law and Motion matters are heard:  Tuesdays and Thursdays at 2:30 p.m.

- Settlement Conferences are heard:  Fridays at 2:30 p.m.

- Ex Parte matters are heard:  Tuesdays and Thursdays at 2:30 p.m.

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
    Email:        Dept.514@alameda.courts.ca.gov

- Ex Parte Matters
    Email:        Dept.514@alameda.courts.ca.gov

## Tentative Rulings

The court may issue tentative rulings in accordance with the Local Rules.  Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website:  www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 514
- Phone:  1-866-223-2244

Dated:  07/29/2013

Facsimile

Presiding Judge,
Superior Court of California, County of Alameda

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as attached hereto and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 07/30/2013

By

digital

Deputy Clerk

| SHORT TITLE:<br>Obazee VS Genex Holdings, Inc. doing business as Genex Seric | CASE NUMBER:<br>RG13685714 |
| --- | --- |

ADDITIONAL ADDRESSEES

Law Offices of Daniel Feder
Attn:  FEDER, DANIEL L
332 Pine Street
Suite 700
San Francisco, CA   94104____

# EXHIBIT B

1   Tyler A. Brown (State Bar No. 121350)
    Punam Sarad (State Bar No. 217091)
2   JACKSON LEWIS LLP
    50 California Street, 9th Floor
3   San Francisco, California  94111-4615
    Telephone:  (415) 394-9400
4   Facsimile:  (415) 394-9401
    E-mail:  brownt@jacksonlewis.com
5   E-mail:  saradp@jacksonlewis.com

6   Attorneys for Defendants
    GENEX SERVICES, INC. (erroneously sued
7   as GENEX HOLDINGS, INC., doing business
    as GENEX SERVICES, INC.) and
8   RANI WINDELL

9                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                            COUNTY OF ALAMEDA

11

12  SHARON OBAZEE, an individual,              Case No. RG13685714

13           Plaintiff,                        **DEFENDANTS' ANSWER TO
                                               PLAINTIFF'S UNVERIFIED
14       v.                                    COMPLAINT**

15  GENEX HOLDINGS, INC., doing business as
    GENEX SERVICES, INC., a California         Complaint Filed:   June 28, 2013
16  corporation; RANI WINDELL, an individual;  Trial Date:        None Set
    and DOES 1-50, inclusive,
17
             Defendants.
18

19        Defendants GENEX SERVICES, INC. (erroneously sued as GENEX HOLDINGS, INC.,

20  doing business as GENEX SERVICES, INC.) and RANI WINDELL ("Defendants") answer the

21  unverified Complaint of Plaintiff SHARON OBAZEE ("Plaintiff") as follows:

22                              **GENERAL DENIAL**

23        Under California Code of Civil Procedure section 431.10(d), Defendants generally deny

24  each and every allegation of Plaintiff's Complaint and further deny that Plaintiff has sustained

25  damages in the amount alleged or in any amount whatsoever.

26                          **AFFIRMATIVE DEFENSES**

27        By way of separate affirmative defenses to Plaintiff's Complaint, Defendants allege:

28  ///

1

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.      Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendants upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Workers' Compensation Preemption)

2.      To the extent Plaintiff's Complaint, or any purported cause of action therein, alleges emotional or physical injury, this Court lacks jurisdiction, and any recovery is barred by the exclusivity of remedy under the California Workers' Compensation Act, Labor Code section 3200 et seq.

### THIRD AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

3.      Any recovery on Plaintiff's Complaint or any purported cause of action alleged therein is barred by the doctrine of after-acquired evidence.

### FOURTH AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

4.      Any recovery on Plaintiff's Complaint is barred by the applicable statutes of limitation, including, but not limited to, California Code of Civil Procedure section 338, California Government Code sections 12940, 12960, and 12965, section 2617(c)(1) of Title 29 of the United States Code, and section 825.400(b) of Title 29 of the Code of Federal Regulations.

### FIFTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

5.      Plaintiff's allegations of discrimination and retaliation are barred and/or any recovery of damages is precluded because Plaintiff unreasonably failed to take advantage of available preventive or corrective opportunities or to avoid harm otherwise. *State Dept. of Health Servs. v. Superior Court of Sacramento County (McGinnis)* (2000) 31 Cal.4th 1026.

///

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

6.    Plaintiff is barred from recovering any damages, or any recovery must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate her alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

### (Offset)

7.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendants are entitled to an offset for any monies Plaintiff received from any source under the doctrine prohibiting double recovery set forth by *Witt v. Jackson* (1961) 57 Cal.2d 57 and its progeny. Such income shall include all earned income, state disability payments, social security payments, private disability insurance, Medi-Cal and Medicare benefits, workers' compensation benefits, and any other monies paid to Plaintiff in compensation for services rendered under any federal, state, or local program or from any private insurance.

## EIGHTH AFFIRMATIVE DEFENSE

### (Privileged, Good Faith, and Justified Conduct)

8.    Any recovery on Plaintiff's Complaint is barred because Defendants' conduct was privileged and/or justified under California law and for valid business reasons.

## NINTH AFFIRMATIVE DEFENSE

### (Legitimate Business Justification)

9.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because, assuming arguendo that discriminatory reasons had been a motivating factor in any employment decisions toward Plaintiff, they were not a substantial motivating factor in making employment decisions regarding Plaintiff. Defendant GENEX would have made the same employment decisions regarding Plaintiff in any case for legitimate, non-discriminatory business reasons.

///

///

1

## TENTH AFFIRMATIVE DEFENSE

2

### (Equitable Doctrines)

3       10.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged

4   therein, is barred under the equitable doctrines of laches, consent, waiver, estoppel, and unclean

5   hands.

6

## ELEVENTH AFFIRMATIVE DEFENSE

7

### (Failure to Exhaust Administrative Remedies)

8       11.     Plaintiff's Complaint is barred, in whole or in part, by Plaintiff's failure to exhaust

9   mandatory administrative remedies, including, but not limited to administrative remedies under

10   the California Fair Employment and Housing Act, California Government Code sections 12900 et

11   seq.

12

## TWELFTH AFFIRMATIVE DEFENSE

13

### (Contributory Fault)

14       12.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged

15   therein, is barred in whole or in part by Plaintiff's own contributory and/or comparative fault.

16

## THIRTEENTH AFFIRMATIVE DEFENSE

17

### (Position Not Available for Plaintiff)

18       13.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged

19   therein, is barred in whole or in part by section 825.216(a) of Title 29 of the Code of Federal

20   Regulations.

21

## ADDITIONAL AFFIRMATIVE DEFENSES

22       14.     Because Plaintiff's Complaint is couched in broad and conclusory terms,

23   Defendants cannot fully anticipate all defenses that may be applicable to this action.

24   Accordingly, the right to assert additional defenses, if and to the extent that such defenses are

25   applicable, is hereby reserved.

26

## PRAYER

27       WHEREFORE, Defendants GENEX SERVICES, INC. and RANI WINDELL pray as

28   follows:

Case No. RG13685714

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1.     That Plaintiff take nothing by way of her Complaint;

2.     That the Complaint and each claim for relief be dismissed in its entirety with prejudice;

3.     That Plaintiff be denied each and every demand and prayer for relief contained in the Complaint;

4.     For costs of suit incurred herein, including reasonable attorneys' fees, as and where permitted under California law; and

5.     For such other and further relief as the Court deems just and equitable.

Dated: July 29, 2013

                         JACKSON LEWIS LLP

                   By: _____
                         Tyler A. Brown
                         Punam Sarad
                         Attorneys for Defendants
                         GENEX SERVICES, INC. and
                         RANI WINDELL

4844-1136-7956, v. 1

Case No.  RG13685714

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1

## PROOF OF SERVICE

2    I, Bryana Schroder, declare that I am employed with the law firm of Jackson Lewis LLP,

3   whose address is 50 California Street, 9th Floor, San Francisco, California, 94111; I am over the

4   age of eighteen (18) years and am not a party to this action.

5    On July 29, 2013, I served the attached **DEFENDANTS' ANSWER TO PLAINTIFF'S**

6   **UNVERIFIED COMPLAINT** in this action by placing a true and correct copy thereof, enclosed

7   in a sealed envelope, addressed as follows:

8   Daniel Feder                                              Attorneys for Plaintiff
    LAW OFFICES OF DANIEL FEDER                                SHARON OBAZEE
9   332 Pine Street, Suite 700
    San Francisco, CA 94104
10  Telephone: (415) 391-9476
    Facsimile: (415) 391-9432
11  E-mail: danfeder@pacbell.net

12

13  ☒  **BY MAIL:** United States Postal Service by placing a sealed envelope with the postage
       thereon fully prepaid, placed for collection and mailing on this date, following ordinary
14     business practices, in the United States mail at San Francisco, California. **[( ) Courtesy
       copy by [fax] [e-mail].]**

15  ☐  **BY HAND DELIVERY:** I caused such envelope to be delivered by hand to the above
       address.
16

17  ☐  **BY OVERNIGHT DELIVERY:** I caused such envelope to be delivered to the above
       address within 24 hours by overnight delivery service.

18  ☐  **BY FACSIMILE:** I caused such document to be transmitted by facsimile from our fax
       number (415) 394-9401 to the fax number indicated above (by written agreement,
19     confirming letter dated and signed MM/DD/YY.)

20  ☐  **BY ELECTRONIC TRANSMISSION:** I caused such document(s) to be electronically
       transmitted to the above email address(by written agreement, confirming letter dated and
21     signed MM/DD/YY.)

22   I declare under penalty of perjury under the laws of the State of California that the above

23  is true and correct. Executed on July 29, 2013, at San Francisco, California.

24

25                                                        _Bryana Schroder_

26                                                     _____
                                                            Bryana Schroder
27  4822-8401-4357, v. 1

28

Case No. RG13685714

PROOF OF SERVICE